IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **OUDEOM VILAYPHUNH,**<br>    Plaintiff, | :<br>:<br>: |
| v. | :     **CIVIL ACTION NO. 25-CV-4478** |
| | : |
| **BRENTON L. SAUNDERS,**<br>    Defendant. | :<br>: |

### ORDER

**AND NOW**, this 19th day of August, 2025, upon consideration of Plaintiff Oudeom Vilayphunh's Motion to Proceed *in forma pauperis* (ECF No. 1), his Prisoner Trust Fund Account Statement (ECF No. 2), and his *pro se* Complaint (ECF No. 3), it is **ORDERED** that:

1.  Leave to proceed in forma pauperis is **GRANTED** pursuant to 28 U.S.C. § 1915.

2.  The Clerk of Court is **DIRECTED** to add Vilayphunh's inmate number to the docket: QQ-0214.

3.  Oudeom Vilayphunh, #QQ-0214, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Mahanoy or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Vilayphunh's inmate account; or (b) the average monthly balance in Vilayphunh's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Vilayphunh's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding

month's income credited to Vilayphunh's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

4. The Clerk of Court is **DIRECTED** to send a copy of this order to the Superintendent of SCI Mahanoy.

5. The Complaint is **DEEMED** filed.

6. The Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction for the reasons stated in the Court's Memorandum.

7. Vilayphunh may file an amended complaint within thirty (30) days of the date of this Order. Any amended complaint must identify all defendants in the caption of the amended complaint, shall state the basis for the Court's jurisdiction, and shall state the basis for Vilayphunh's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Vilayphunh should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

8. The Clerk of Court is **DIRECTED** to send Vilayphunh a blank copy of this Court's **current standard form to be used by a self-represented litigant filing a civil action** (*i.e.*, not a prisoner civil rights form) bearing the above-captioned civil action number. Vilayphunh may use this form to file his amended complaint if he chooses to do so.

9. If Vilayphunh does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order

dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

10.     If Vilayphunh fails to file any response to this Order, the Court will conclude that Vilayphunh intends to stand on his Complaint and will issue a final order dismissing this case.[1] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

/s/ Kelley B. Hodge

_____
**KELLEY BRISBON HODGE, J.**

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984) is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11; *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*).