**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **OUDEOM VILAYPHUNH,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 25-CV-4478** |
| | : | |
| **ABBVIE, INC.,** | : | |
| **Defendant.** | : | |

**ORDER**

**AND NOW**, this 3rd day of August, 2026, upon consideration of Defendant AbbVie, Inc.'s Motion to Dismiss (ECF No. 20), Plaintiff Oudeom Vilayphunh's Response thereto (ECF No. 33), and AbbVie's Reply thereon (ECF No. 35), and Vilayphunh's Motion for Discovery (ECF No. 33) and AbbVie's Response thereto (ECF No. 34), it is **ORDERED** that:

1. AbbVie's Motion (ECF No. 20) is **GRANTED** for the reasons stated in the Court's accompanying Memorandum.

2. Vilayphunh's claims based on the 2021 shooting incident are **DISMISSED WITH PREJUDICE** as time barred.

3. Vilayphunh may file a second amended complaint within thirty (30) days of the date of this Order **only as to his claims based on the 2023 incident when he broke his collar bone**. Any second amended complaint must state the specific factual basis for Vilayphunh's claims against AbbVie. The second amended complaint shall be a complete document that does not rely on the initial Complaint, Amended Complaint, or other papers filed in this case to state a claim. When drafting his second amended complaint, Vilayphunh should be mindful of the Court's reasoning in the accompanying Memorandum.

4. If Vilayphunh does not wish to amend, he may file a notice with the Court within thirty (30) days of the date of this Order stating that he would like to stand on his Amended Complaint, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

5. If Vilayphunh fails to file any response to this Order, the Court will conclude that Vilayphunh intends to stand on his Complaint and will issue a final order dismissing this case.[1] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the

be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

6. Vilayphunh's Motion for Discovery (ECF No. 33) is **DENIED**.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**KELLEY BRISBON HODGE, J.**

six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).